Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche Manning | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6144 | **DATE** | 5/31/2001 |
| **CASE TITLE** | Telular Corporation vs. Vox 2, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiff Telular's Motion for Expedited Determination of Expert [37-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| ✓ | Copy to judge/magistrate judge. |

courtroom deputy's initials: KMc

date docketed: JUN 4 2001

docketing deputy initials

FILED FOR DOCKETING
01 JUN -1 AM 11: 56

Document Number: 47

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TELULAR CORPORATION, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 00 C 6144<br>Magistrate Judge Nan R. Nolan |
| VOX2, INC. | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a patent infringement action brought by Telular Corporation ("Telular") against Vox2, Inc. ("Vox2"). The '096 patent at issue relates to an interface device that allows standard telephones to control the operation of a cellular transceiver. This matter is before the Court on Telular's Motion for Expedited Determination of Expert. Telular requests that the Court enter an order granting its expert, Kevin O' Brien ("O'Brien"), access to material designated "Confidential" and "Confidential–Attorneys' Only" under the protective order entered in this case. Vox2 objects to O'Brien having access to such material because it believes that O'Brien cannot avoid using the confidential information he will learn from his work as an expert in this case in his current job.

## ANALYSIS

Telular and Vox2 executed a protective order governing disclosure of confidential information obtained in discovery. Paragraphs 4(c) and 5(b) of the protective order provide that confidential information may be provided to experts who are independent of and not employed by the parties or a competitor of either party in the field to which the subject matter of this action pertains and who are retained for purposes of this action. Thus, when determining whether to allow O'Brien access to Vox2's confidential information, the Court must balance Telular's interest in selecting the expert most

beneficial to its case with Vox2's interest in protecting its trade secrets from disclosure to its competitors. Advanced Semiconductor Materials America Inc. v. Applied Materials Inc., 43 U.S.P.Q.2d 1381, 1384 (N.D.Cal. 1996).

O'Brien has a bachelor's degree in electrical engineering (B.S.E.E.) from Villanova University. O'Brien is currently the Director of Sales for Digi-Tel Communications, LLC ("Digi-Tel"). Digi-Tel sells cellular telephones, cellular telephone accessory products, and cellular telephone network service plans. As Director of Sales for Digi-Tel, O'Brien manages all sales efforts of the company as well as develops indirect market channels for wireless products, landline telephone equipment, and satellite TV equipment. O'Brien is also involved in developing Digi-Tel's business-to-business Internet based sales channel and opening new distribution locations. O'Brien has been Director of Sales for Digi-Tel since 1997.

Vox2 argues that it is inevitable that O'Brien will misuse Vox2's confidential information in his position as Sales Director of Digi-Tel. The cases relied on by Vox2 in support of its inevitable disclosure argument are easily distinguishable from the present circumstances. For example, in Pepsico, Inc. v. William E. Redmond, Jr., 54 F.3d 1262 (7th Cir. 1995), Pepsico sought a preliminary injunction preventing a former Pepsico employee, Redmond, from assuming his duties at Quaker, a fierce competitor of Pepsico's in the beverage-industry. While employed at Pepsico, Redmond held a relatively high-level position and had access to inside information and trade secrets. Pepsico presented substantial evidence that Redmond possessed extensive and intimate knowledge about Pepsi-Cola North America division's ("PCNA") strategic goals in sports drinks and new age drinks. The district court concluded that "unless Redmond possessed an uncanny ability to compartmentalize information, he would necessarily be making decisions about Gatorade and Snapple by relying on his

knowledge of PCNA trade secrets." Id. at 1269. The district court also concluded that Redmond's lack of forthrightness on several occasions before accepting his job with Quaker and in his testimony before the district court demonstrated that he could not be trusted to protect Pepsico's trade secrets. The Seventh Circuit upheld the district court's order enjoining Redmond from assuming his duties at Quaker and preventing him from forever disclosing PCNA trade secrets and confidential information.

Vox2 has not demonstrated that O'Brien will inevitably use Vox2 trade secrets in the performance of his job as Sales Director for Digi-Tel. Digi-Tel is not a competitor of Vox2 unlike Pepsico's direct competition with Quaker. Vox2 is the developer and manufacturer of the Vox.Link, a cellular accessory product, which it markets through distributors. Digi-Tel distributes cellular telephones and cellular accessories manufactured by various companies and sells the services of companies that provide cellular service plans. Digi-Tel does not develop or manufacture cellphone accessories and does not sell the Vox.Link or any cellphone interface. Vox2 asserts that a danger exists that Digi-Tel may sell a cellular interface that competes with the Vox.Link in the future and then O'Brien would be working for a competitor of Vox2. Vox2's fear that Digi-Tel may possibly sell a competitor's cellular interface at some time in the future does not outweigh Telular's right to utilize the expert of its choice. Furthermore, unlike Redmond's lack of forthrightness in the Pepsico case which led the district court to believe a real threat of trade secret disclosure existed, the Court has no reason to question O'Brien's candor in agreeing to be bound by the protective order and to only use confidential material disclosed to him in the present litigation.

In Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc., 682 F.Supp. 20 (D. Del. 1988), another case cited by Vox2, the plaintiff requested that its president, Mr. Greene, be allowed access to the defendant's confidential information. The plaintiff and defendant corporations were

direct competitors in the market for avionics equipment. The court described Greene as a preeminent aeronautic engineer who had received more than sixty aeronautic patents. Green actively plied aeronautic engineering. The district court precluded Greene from reviewing defendant's confidential documents because it believed he would be unable to separate the information he learned from defendant's documents from his own ideas.

Safe Flight Instrument Corp. is also distinguishable from the instant case. There is significantly less risk of disclosure of confidential information by O'Brien because he is not actively working or consulting as an electrical engineer in the telecommunications industry. Unlike Greene in Safe Flight Instrument Corp., O'Brien is not the president of a competing company who is currently doing research in the relevant technical area. Rather, O'Brien is the sales director of a company that does not compete with Vox2 or its distributors. O'Brien is not employed as an electrical engineer and is no longer active in design and analysis of radio communications systems. Given Vox2's failure to show how its confidential information is applicable to O'Brien's job as sales director of a company that does not compete with Vox2 and its failure to demonstrate that O'Brien will inevitably misuse confidential information gained during this litigation in his job as sales director, the Court finds Vox2's case authority and inevitable disclosure argument unpersuasive.

The Court must also consider Telular's need for this particular expert. Telular asserts that O'Brien is indispensable to Telular's presentation of its case. O'Brien explains in paragraph 8 of his declaration that he has been a testifying expert in other patent litigations involving the '096 patent at issue in this litigation or its continuation patents. See DNIC Brokerage v. Morrison & Dempsey Communications, Serrano v. Telular Corporation, and Alliance Corporation v. Telular Corporation. Vox2 correctly points out that Telular fails to provide an affidavit from O'Brien or other evidence

supporting Telular's further assertions regarding O'Brien. Because the Court finds that the likelihood of harm occurring to Vox2 as a result of disclosure of confidential information to O'Brien is minimal, Telular's failure to support its argument that O'Brien is uniquely qualified to serve as an expert in this case with additional evidence does not tip the scale in favor of denying Telular the right to use its chosen expert.

Vox2 argues that O'Brien's relationship with AT&T and others is a separate and independent basis for prohibiting the disclosure of Vox2's confidential information to him. Vox2 claims that it had a growing business relationship with AT&T until Telular intervened by sending a letter to AT&T that contained numerous material false statements. Vox2 is preparing or has filed unfair competition and tortious interference counterclaims against Telular based on its actions with respect to AT&T. Vox2 maintains that its business relationship with AT&T will be directly at issue in its counterclaims. Digi-Tel is a distributor of AT&T wireless products and services. Digi-Tel sells a variety of cellular phones that are activated and placed in service on the AT&T wireless network. O'Brien declares that he has never had direct contact with AT&T except as is required to activate a phone with cellular service and that his contact is limited to AT&T's customer service representatives. O'Brien has also received e-mails from the AT&T indirect channel marketing department.

According to Vox2, a conflict exists because O'Brien will presumably assist Telular in defending against the counterclaims and at the same time continue his business relationship with AT&T. Vox2 fails to explain how O'Brien's limited relationship with AT&T and Telular's conduct with respect to Vox2's relationship with AT&T create a conflict which provides a valid basis for disqualifying O'Brien as an expert. Moreover, AT&T is not a competitor of Telular or Vox2. Thus, by distributing AT&T products and services, O'Brien is not employed by a competitor of either party.

Finally, Vox2 faults O'Brien for failing to state with certainty that he will not in the near future compete directly with Vox2. Vox2 has not demonstrated that there is a substantial likelihood that O'Brien will be competing with Vox2 in the near future. Vox2's unsubstantiated fear that O'Brien may compete with Vox2 in the future is not sufficient to demonstrate a risk of competitive injury to Vox2 that outweighs Telular's right to the expert of its choice.

## CONCLUSION

Because O'Brien is not employed by either of the parties or a competitor of either of the parties in the field to which the subject matter of this action pertains and the likelihood of disclosure of Vox2's confidential information to its competitors should O'Brien be allowed access to the materials is minimal, Telular's Motion for Expedited Determination of Expert is GRANTED. O'Brien will be allowed access to materials designated "Confidential" or "Confidential-Attorneys' Only" under the protective order in this case with the exception of Vox2's marketing and distribution channel information. O'Brien will be bound by the protective order entered in this case and will be subject to the contempt should he violate this order. The confidential materials disclosed to O'Brien will only be used for purposes of this litigation and for no other purposes.

E N T E R :

*Nan R. Nolan*

Nan R. Nolan
United States Magistrate Judge

Dated: MAY 3 1 2001